## First Department

### (March 17, 1964)

■ THE PEOPLE OF THE STATE OF NEW YORK v. MICHAEL PAT BRADY.— Motion granted to the extent of directing the Clerk of the Supreme Court, New York County, to furnish to appellant's counsel a copy of the transcript of the hearing on the motion to suppress. The court construes section 456 of the Code of Criminal Procedure to require the Clerk of the court and the stenographer to cause the stenographic minutes of the hearing on the motion to suppress to be transcribed and filed as part of "the stenographic minutes of the entire proceedings of the trial" even where the motion to suppress is heard and decided prior to the trial on the indictment since the appeal from the judgment of conviction after trial brings up for review the order denying a motion to suppress. The time to perfect the appeal is enlarged to the June 1964 Term of this court. (See, also, *People* v. *Cook*, 21 A D 2d 979.) Concur — Breitel, J. P., Valente, McNally, Stevens and Eager, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. DAVID COOK.— Motion is granted. Defendant appeals pursuant to section 813-c of the Code of Criminal Procedure from a judgment of conviction upon plea of guilty after the denial of a motion to suppress alleged illegally seized evidence. Section 456 of the Code of Criminal Procedure requires, where the defendant is convicted of a crime, that the stenographer, upon notice by the Clerk that an appeal has been taken, file in the office of the Clerk two copies or transcript of the stenographic minutes of "the entire proceedings of the trial". The section further provides that upon the order of the Trial Judge or upon the order of any appellate court or Judge, the Clerk without charge shall furnish one of said transcripts to the defendant or his counsel. When read together with section 813-c, section 456, reasonably construed, compels the Clerk and the stenographer to cause the minutes of the hearing on the motion to suppress to be transcribed and filed. The Clerk of the Supreme Court, New York County, is directed to furnish one of said transcripts without charge to the counsel for defendant. Concur — Breitel, J. P., Valente, McNally, Stevens and Eager, JJ.

## Second Department

### (July 8, 1963)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN T. FRYSON, Appellant.— Motion by appellant to dispense with printing on appeal from an order of the Supreme Court, Kings County, entered November 20, 1962 denying his motion to obtain certain court records relating to his conviction. Motion denied; the order is not appealable (Code Crim. Pro., § 517). Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.